UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>CAMARI GLOVER, )<br> )<br>   Defendant, )<br> )<br>   v. )<br> )<br>SOCIAL SECURITY )<br>ADMINISTRATION, )<br> )<br>   Respondent. ) | No. 17 C 8912<br>Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

Marvin E. Aspen, District Judge:

  This is an action involving removal pursuant to 28 U.S.C. § 1442. Respondent Social Security Administration ("SSA") filed a motion to vacate and dismiss a state court order in the Circuit Court of Cook County, Illinois, Criminal Division. (Mot. to Vacate (Dkt. No. 8).) The challenged order compelled SSA to produce "any/all social security numbers associated with Theresa Sawyer." (Mot. to Vacate, Ex. A.) For the following reasons, we hereby grant SSA's motion to vacate and dismiss the state court order.

**BACKGROUND**

  On December 11, 2017, the Circuit Court of Cook County, Illinois, Criminal Division entered the disputed order to compel in an underlying criminal case, in which SSA is not a party (13 CR 13633). *Id.* The next day, SSA filed a notice of removal to this court pursuant to 28 U.S.C. § 1442. (Dkt. No. 2; Mot. to Vacate ¶ 2.) Invoking sovereign immunity, SSA filed a

motion requesting we vacate the state court order, arguing state courts "may not compel production of records or compliance with discovery by federal agencies or officials." (Mot. to Vacate ¶ 3.) Furthermore, SSA argues "federal law prohibit[s] disclosure of SSA records to the state court in this case," as compliance with the order would require the prohibited provision of SSA records to third parties. (*Id.* ¶ 4.) We entered a briefing schedule on SSA's motion to vacate on December 21, 2017. (Dkt. No. 10.) Defendant Camari Glover[1] did not file a response by our ordered deadline. (*Id.*) Nor has Defendant filed a timely motion to remand. *See* 28 U.S.C. § 1447(c) (requiring motions to remand be filed within thirty days of removal).

**ANALYSIS**

Before addressing SSA's argument, we first consider our authority to exercise jurisdiction over this motion. Pursuant to 28 U.S.C. § 1442, any civil or criminal action "commenced in a State court and that is against or directed to [a federal agency] may be removed by the[] [agency] to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). Under § 1442, the definition of "civil action" and "criminal prosecution" encompasses any "judicial order, including a subpoena for testimony or documents." 28 U.S.C. § 1442(d)(1). Because this matter challenges a state court order to compel SSA, a federal agency, to produce information in our district, we find removal proper and exercise derivative jurisdiction over this dispute. *See Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 315 (7th Cir. 1994).

We agree with SSA that state courts may not compel a federal agency or official unless sovereign immunity has been waived. "[T]he United States may restrict the release of its

---

[1] Neither SSA's motion to vacate nor the state court order explicitly indicates which party to the criminal prosecution requested SSA information. However, we assume that Defendant requested SSA records because the order only names defense counsel.

2

information," and state courts may not compel discovery of confidential information from an "unwilling sovereign." *Edwards*, 43 F.3d at 317 (affirming the quashing of a state subpoena because the state court "had no jurisdiction to compel the delivery of [Department of Justice] information"). Congress enacted. § 1442 to "protect federal officers from interference by hostile state courts." *Willingham v. Morgan,* 395 U.S. 402, 405, 89 S. Ct. 1813, 1815 (1969) (discussing the history of § 1442). Accordingly, federal courts vacate or quash state court orders compelling federal agencies to produce information when the agency has not explicitly waived sovereign immunity. *See, e.g.*, *Hous. Bus. Journal, Inc. v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1211 (D.C. Cir. 1996) (explaining that where a litigant seeks to obtain documents from a non-party federal government agency in state court, the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena); *Louisiana v. Sparks*, 978 F.2d 226, 235 (5th Cir. 1992) (citing "myriad cases involving a § 1442(a) removal of a state subpoena proceeding against an unwilling federal officer [holding] that the sovereign immunity doctrine bars enforcement of the subpoena"); *Illinois v. Countee*, 07 C 5319 (N.D. Ill. Dec. 17, 2007) (slip op.) (vacating rule to show cause order compelling production of records by SSA) (attached to Mot. to Vacate, Ex. A); *In re "Order to Show Cause Why Soc. Sec. Admin. Should Not be Held in Contempt for Failure to Comply with This Court's Order Dated Oct. 19, 2006"*, No. 07 60178 CIV, 2007 WL 2077632, at *2 (S.D. Fla. July 13, 2007) ("When a litigant seeks to obtain documents from a non-party federal government agency in state court, the federal government is shielded by sovereign immunity, thereby preventing the state court from enforcing a subpoena.") (footnote omitted). We accordingly vacate and dismiss the state court order compelling SSA to produce social security information.

While SSA argues federal law and regulations prohibit disclosure of the requested information, we do not decide the propriety of SSA's decision to withhold the requested social security numbers. (Mot. to Vacate ¶ 3.) Should Defendant seek to challenge the propriety of SSA's decision, Defendant must initiate a separate federal claim under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. *See Illinois v. Holmes*, No. 17 C 183, 2017 WL 2345631, at *2 n.2 (N.D. Ill. May 30, 2017) (declining to convert a motion to vacate and dismiss a state court order into an APA proceeding without the parties' request).

## CONCLUSION

For the foregoing reasons, we hereby grant SSA's motion to vacate the state court order. The instant action is hereby remanded to the Circuit Court of Cook County in the underlying criminal case (13 CR 13633). It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: February 13, 2018
       Chicago, Illinois